UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Criminal Case No. 17-20216
        Honorable Linda V. Parker

BOBBIE TOWNSEND,

        Defendant.
_____/

**OPINION AND ORDER DENYING MOTION AND COMBINED BRIEF FOR COMPASSIONATE RELEASE (ECF NO. 114)**

Presently before the Court is Defendant Bobbie Townsend's Renewed Motion and Combined Brief for Compassionate Release. (ECF No. 114.) On March 6, 2018, Defendant pleaded guilty to one count of possession of firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Eight), and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count Four).[1] (ECF No. 70 at Pg. ID 393.) Defendant's guilty plea was based on conduct that took place one year prior, on or about March 7, 2017, at which time Defendant was arrested on separate charges and—knowing that police were likely to search his

---

[1] Prior to the instant offenses, Defendant was convicted of several crimes punishable by more than one-year imprisonment, including two convictions for Felony Assault with Intent to Rob While Armed—one in 1974 and the other in 1982, as well as a conviction for Felony Assault with Intent to Murder in 1982. (ECF No. 70 at Pg. ID 395-96.)

residence—relayed a message for his co-defendant to take three to eight firearms, as well as heroin and cocaine, from Defendant's residence. (*Id.* at Pg. ID 395.) On September 26, Defendant was sentenced to 43 months on Count Four and 60 months on Count Eight, to be served consecutively. (ECF No. 85 at Pg. ID 514.) Defendant now seeks compassionate release in light of the novel coronavirus (COVID-19).

A defendant may move for compassionate release under § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). The Government concedes that "[Defendant] has properly exhausted his administrative remedies." (ECF No. 117 at Pg. ID 886.)

Further, under the statute, a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Here, the Court need not opine as to whether Defendant possesses an "extraordinary and compelling reason" warranting a sentence reduction or whether a reduction is consistent with applicable statements issued by the Sentencing Commission. This is because the applicable § 3553(a) factors weigh against granting Defendant's motion.

The factors set forth in 18 U.S.C. § 3553(a) include a defendant's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; providing him with any necessary correctional services and treatment; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a).

Defendant committed the offense for which he is currently incarcerated only three years ago—at the age of 60—and he has a lengthy criminal record. (See PSR ¶¶ 26-29, 31). His criminal history and characteristics suggest that Defendant is a danger to the community and, thus, a sentence reduction would unjustifiably increase the risk to the public. The Court commends Defendant's enrollment in GED/High School Diploma courses, participation in Mott Community College online courses, and participation in the Re-Entry and Release Preparation Program. (ECF No. 114 at Pg. ID 823.) But, on balance, the Section 3553(a) factors support leaving Defendant's existing sentence intact.

Accordingly,

**IT IS ORDERED** that Defendant's Renewed Motion and Combined Brief for

Compassionate Release (ECF No. 114) is **DENIED**.

    **IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 31, 2020