UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                  Criminal Case No. 17-20216
                                  Honorable Linda V. Parker

BOBBIE TOWNSEND,

      Defendant.
_____/

## OPINION & ORDER DENYING RENEWED MOTION FOR COMPASSIONATE RELEASE (ECF NO. 123)

On March 6, 2018, Defendant pleaded guilty to one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Eight), and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count Four).  (ECF No. 70 at Pg. ID 393.)  Defendant's guilty plea was based on conduct that took place one year prior, on or about March 7, 2017, at which time Defendant was arrested on separate charges and—knowing that police were likely to search his residence—relayed a message for his co-defendant to take three to eight firearms, as well as heroin and cocaine, from Defendant's residence. (*Id.* at Pg. ID 395.)  On September 26, Defendant was sentenced to 43 months on Count Four and 60 months on Count Eight, to be served consecutively.  (ECF No. 85 at Pg. ID 514.)

On July 31, 2020, the Court denied Defendant's Motion and Combined Brief for Compassionate Release, concluding that Defendant's release poses a danger to society. (ECF No. 121 at Pg. ID 946.) Defendant filed a renewed motion for compassionate release on October 21, 2020,[1] which he labels as an emergency motion. (ECF No. 123.) Defendant's renewed motion, which does not proffer new arguments, does not convince the Court that a different outcome is appropriate.

Prior to the instant offense, Defendant was convicted of three violent crimes. In 1974, at the age of 17, Defendant was convicted of Felony Assault with Intent to Rob While Armed and was sentenced to 5 to 15 years of imprisonment.[2] (PSR ¶ 37.) In 1982, at the age of 25, he was convicted of Felony Assault with Intent to Murder and Felony Assault with Intent to Rob While Armed; he was sentenced to 20 to 40 years imprisonment on each count to run concurrently; and he served a total of 20 years. (PSR ¶ 39.) The Supreme Court has made note of studies that support the fact that individuals who engage in crime at an early age tend to make better decisions as they age. *Miller v. Alabama*, 567 U.S. 460, 471-72 (2012) (citing *Graham v. Florida*, 560 U.S. 48, 130 (2010)).[3] Yet, Defendant actions defy these studies, as

---

[1] The motion was entered on December 15, 2020. (*See* ECF No. 123.)
[2] Per the PSR, the "exact date of release has not been verified; however, according to the criminal history investigation, [] [D]efendant was discharged from parole supervision on or about April 6, 1985." (PSR ¶ 37.)
[3] "[I]n *Graham*, we noted that 'developments in psychology and brain science continue to show fundamental differences between juvenile and adult minds'—for example, in 'parts of the brain involved in behavior control.' We reasoned that those

2

well as this Court's expectation that Defendant, after serving such lengthy prison sentences, would have made the decision to lead a productive life free of crime. Instead, after being convicted of another drug-related crime at the age of 50 (PSR ¶ 40), Defendant found himself before this Court at the age of 60 on his first federal felony conviction.

As noted in the July 31 Opinion & Order, the Court commends Defendant's decision to enroll in GED/High School Diploma courses, participate in Mott Community College online courses, and participate in the Re-Entry and Release Preparation Program.  (ECF No. 121 at Pg. ID 946 (citing ECF No. 114 at Pg. ID 823).)  It also appears that, since commencing his current prison term, Defendant has not committed any disciplinary infractions.  (ECF No. 114 at Pg. ID 823.)  And the Court recognizes that Defendant's high blood pressure and hypertension may amount to an extraordinary and compelling circumstance in light of the COVID-19 pandemic. (*Id.* at Pg. ID 820 (citing PSR ¶¶ 56-58).)  But reducing Defendant's sentence would unjustifiably increase the risk to the public because, based on Defendant's history, the

---

findings—of transient rashness, proclivity for risk, and inability to assess consequences—. . . enhanced the prospect that, as the years go by and neurological development occurs, [a child's] "'deficiencies will be reformed.'" . . . . [And] the science and social science supporting *Roper*'s and *Graham*'s conclusions have become even stronger." *Miller*, 567 U.S. at 471-472, 472 n.5 (internal citations omitted).

Court lacks a realistic belief that Defendant will begin making decisions that are in the best interest of the community in which he resides.

In sum, an analysis of the § 3553(a) factors—including Defendant's history and characteristics, promoting respect for the law, affording adequate deterrence, and protecting the public from further crimes by the Defendant—suggests that a reduction of Defendant's sentence is inappropriate.  *See* 18 U.S.C. § 3553(a).

Accordingly,

**IT IS ORDERED** that Defendant's Renewed Motion for Compassionate Release (ECF No. 123) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's "Letter Asking for a Notice of Appeal for Compassionate Release" (ECF No. 122) shall be construed as a Notice of Appeal to the United States Court of Appeals for the Sixth Circuit from the Court's July 31 Opinion & Order.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 2, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 2, 2021, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager