UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                           Criminal Case No. 17-20216
                                           Honorable Linda V. Parker

BOBBIE TOWNSEND,

        Defendant.
_____/

**OPINION AND ORDER DENYING SECOND RENEWED MOTION FOR COMPASSIONATE RELEASE (ECF NO. 131) AND DENYING MOTION TO AMEND MOTION FOR COMPASSIONATE RELEASE (ECF NO. 132)**

On March 6, 2018, Defendant pleaded guilty to one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Eight), and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count Four).  (ECF No. 70 at Pg. ID 393.)  Defendant's guilty plea was based on conduct that took place one year prior, on or about March 7, 2017, at which time Defendant was arrested on separate charges and—knowing that police were likely to search his residence—relayed a message for his co-defendant to take three to eight firearms, as well as heroin and cocaine, from Defendant's residence. (*Id.* at Pg. ID 395.)  On September 26, Defendant was sentenced to 43 months on Count Four and 60 months on Count Eight, to be served consecutively.  (ECF No. 85 at Pg. ID 514.)

On July 31, 2020, the Court denied Defendant's Motion and Combined Brief for Compassionate Release, concluding that Defendant's release poses a danger to society. (ECF No. 121 at Pg. ID 946.) Defendant filed a renewed motion for compassionate release on October 21, 2020[1] (ECF No. 123), which the Court denied, concluding that a reduction of Defendant's sentence would pose a risk to society. (ECF No. 124.) On July 12, 2021, the Sixth Circuit Court of Appeals affirmed this Court's ruling. (ECF No. 129.) On June 13, 2022, Defendant filed his second renewed motion for compassionate release. (ECF No. 131.) Subsequently, on August 26, 2022, Defendant filed a document entitled "Motion to Amend Motion for Compassionate Release" (ECF No. 132), which the Court construes to be a supplement to Defendants second renewed motion.

## Applicable Law and Analysis

A defendant may move for compassionate release under 18 U.S.C. § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Further, a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] Section 3553(a) to the extent they are applicable, if it finds that . . .

---

[1] The motion was entered on December 15, 2020. (*See* ECF No. 123.)

extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute. *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990). Moreover, "in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citations omitted).

Here, Defendant asserts that his obesity, high blood pressure, degenerative spine disease, and hypertension, in combination with the COVID-19 pandemic, meet the extraordinary and compelling threshold necessary to warrant compassionate release. (ECF No. 131 at Pg ID 986.) However, the Court need not opine as to whether Defendant possesses an extraordinary and compelling reason warranting a sentence reduction, as the applicable § 3553(a) factors weigh against granting Defendant's motions.

The court previously went through a thorough analysis of the § 3553(a) factors in the February 2, 2021 Opinion and Order, which included Defendant's extensive prior history of violent crimes, an additional drug-related crime, and his current

felony convictions.² (ECF No. 124 at Pg ID 969-70.) The Court acknowledged Defendant's commendable choice to further his education and the fact that he had not committed any infractions while incarcerated. (*Id.* at 170-71.) However, the Court also determined that despite these positive developments, "reducing Defendant's sentence would unjustifiably increase the risk to the public because, based on Defendant's history, the Court lacks a realistic belief that Defendant will begin making decisions that are in the best interest of the community in which he resides." (*Id.*)

In his second renewed motion (ECF No. 131) and his "Motion to Amend" (ECF No. 132), Defendant does not present any new arguments. Instead, Defendant goes into greater detail about the generalized effects of the COVID-19 pandemic and reiterates his physical ailments. Because Defendant fails to raise any new arguments that would support his motion, the Court is not convinced that a different outcome is appropriate. In sum, an analysis of the § 3553(a) factors—including Defendant's history and characteristics, promoting respect for the law, affording adequate

---

² In 1974, at the age of 17, Defendant was convicted of Felony Assault with Intent to Rob While Armed and was sentenced to 5 to 15 years of imprisonment. (PSR ¶ 37.) In 1982, at the age of 25, he was convicted of Felony Assault with Intent to Murder and Felony Assault with Intent to Rob While Armed; he was sentenced to 20 to 40 years imprisonment on each count to run concurrently; and he served a total of 20 years. (PSR ¶ 39.). Further, Defendant was convicted of another drug-related crime at the age of 50 (PSR ¶ 40).

deterrence, and protecting the public from further crimes by the Defendant—suggests that a reduction of Defendant's sentence is inappropriate. *See* 18 U.S.C. § 3553(a).

Accordingly,

**IT IS ORDERED** that Defendant's Renewed Motion for Compassionate Release (ECF No. 131) and the supplemental brief listed as a "Motion to Amend Motion for Compassionate Release" (ECF No. 132) are **DENIED**.

**SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: December 19, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 19, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager